O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK GARDNER, | ) | CASE NO. CV 08-07608 JFW (RZ) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| NURSE LEE, et al., | ) ) | |
| Defendants. | ) ) | |

The *pro se* and *in forma pauperis* Plaintiff in this civil rights action, Mark Gardner, is a state inmate housed at Corcoran, although this action is based on alleged events and omissions at Los Angeles County Jail, where he was housed from January 24 through September 24, 2007. Plaintiff principally asserts that jail personnel knowingly delayed medical treatment for a cancerous growth in his cheek, resulting in a more radical surgery than otherwise would have been needed, with worsened post-operative quality of life. Because of flaws in the sprawling complaint, as discussed below, the Court will dismiss it. Because those flaws may be correctable, Plaintiff shall have leave to file an amended complaint, also as discussed below.

///

///

///

# I.

## COURT'S OBLIGATION TO SCREEN *IN FORMA PAUPERIS* CASES

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A "complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"; otherwise, it is subject to dismissal for failure to state a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (repudiating prior rule whereby a "complaint may be dismissed for failure to state a claim [only] where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (*quoting Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1141, 1155 (9th Cir. 1989) (emphasis in original). A *pro se* civil rights complaint must be construed liberally, *see Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), and generally the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the Complaint could not be cured by amendment." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980) (*per curiam*). A dismissal with leave to amend is a non-dispositive matter within the purview of a Magistrate Judge. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

///
///
///
///

## II.

## FED. R. CIV. P., RULE 8: "SHORT AND PLAIN STATEMENT"

### A.   Applicable Law

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943)).  To comply with the Rule, a plaintiff must plead a short and plain statement of the elements of his or her claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case," which elements, of course, will vary depending on the species of claim being asserted. *See Bautista*, 216 F.3d at 840.

Here, the complaint is so lengthy and given over to tangents, minute details and matters either irrelevant or not *yet* relevant that it is neither "short" nor "plain." (It also appears to blame virtually everyone with whom Plaintiff came into contact relating to his medical woes, and every supervisor of such persons, plus the county's sheriff.) As Circuit Judge Arthur Alarcón admonished recently when, sitting by designation, he dismissed another state inmate's civil-rights action with leave to amend:

> Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

. . .

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly,* __ U.S. __, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

**The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes.** *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

*Clayburn v. Schirmer*, No. CIV S 06-2182 ALA P, 2008 WL 564958, slip op. at 3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (**emphasis in bold added**).

Plaintiff's complaint, which excerpts and attaches scores of pages of his diary – handwritten in tiny print – would require days to understand properly, not mere "minutes" as suggested by Judge Alarcon. In an extremely lengthy attempt to illustrate the jail's "'Custom' Of Indifference," Plaintiff devotes allegations to virtually every administrative delay, every word uttered by a jail employee in anger, every maintenance problem he encountered, and so forth – including, for example, the occasion on which he found "a small (one-quarter inch) bug" in the bread served with his lunch. These and other evidentiary materials, such as copies of medical records, Plaintiff's diary, et cetera, need not be submitted at this stage. Rather, this is the stage for "short and plain" allegations supporting straightforward claims, not for reams of detailed evidence, including most of the exhibits accompanying the current complaint, meant to *prove* those allegations.

Also not yet relevant, and thus an improper burden at this point, are Plaintiff's extensive appendices seeking to demonstrate (1) that he exhausted his "institutional" and administrative remedies, an issue that will become relevant if and only if Defendants assert, as an affirmative defense, that Plaintiff has *failed* such exhaustion; and (2) that some jail personnel delayed or otherwise interfered with Plaintiff's efforts to pursue this litigation, an issue that will become relevant only if Defendants assert that Plaintiff has waited too long before filing suit.

## III.
## NO VICARIOUS LIABILITY IN CIVIL RIGHTS ACTIONS

Prisoner-plaintiffs alleging civil rights violations by prison guards or medical personnel often add their prisons' wardens or other superiors as defendants. But such supervisory officials are not liable vicariously for a constitutional deprivation committed by their subordinates, unless (1) the supervisor personally participated in the deprivation or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers v. Gomez*, 267 F.3d 895, 915-16 (9th Cir. 2001).

Although the Court makes no ruling on this issue at this time, it suspects (as suggested above) that Plaintiff runs afoul of this rule in that he sues not only medical personnel who truly may have had "personal participation" in Plaintiff's medical treatment but also those defendants' supervisors, and even Sheriff Baca, without naming any actual participation by the latter defendants in delaying Plaintiff's treatment. The Court thus cautions Plaintiff that, unless he can satisfy *Jeffers* in an amended complaint, he must omit such supervisory defendants from the action or suffer another dismissal.

## IV.
## CONCLUSION

Based on the foregoing, the Complaint hereby is DISMISSED, and leave to amend is granted. More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park*, *Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id*.

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED: December 5, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 7 -